**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000377**
**02-APR-2014**
**09:17 AM**

NO. CAAP-14-0000377

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DISCOVER BANK, a Delaware corporation, Plaintiff-Appellee, v.
BRADFORD W. ADAMS and EIRAYNA K. ADAMS, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC09-1-9133)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING AS MOOT ANY AND ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-14-0000377
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over the appeal that Defendants-Appellants
Bradford W. Adams and Eirayna K. Adams (the Adams Appellants)
have asserted from the Honorable Michael K. Tanigawa's following
three interlocutory orders:

(1)  a December 9, 2013 order denying the Adams
Appellants' motion for summary judgment;

(2)  a December 9, 2013 order denying the Adams
Appellants' motion to disqualify Judge Hilary
Benson Gangnes; and

(3)  a December 20, 2013 order denying the Adams
Appellants' motion for reconsideration of the
December 9, 2013 order denying the Adams
Appellants' motion to disqualify Judge Hilary
Benson Gangnes.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) authorizes an appeal from a final order or final judgment of a district court.

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). In the instant case, the district court has not yet entered a final order or final judgment that ends this litigation by adjudicating all claims and leaving nothing further to be adjudicated. Absent a final order or final judgment that resolves all claims in this case, we lack appellate jurisdiction under HRS § 641-1(a) and the holding in <u>Casumpang v. ILWU, Local 142</u>.

Although exceptions to the finality requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), none of the appealed interlocutory

orders satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent a final order or final judgment that adjudicates all of the parties' claims, the Adams Appellants' appeal is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000377 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0000377 are denied as moot.

DATED: Honolulu, Hawai'i, April 2, 2014.

Presiding Judge

Associate Judge

Associate Judge